UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Reginald K Mickens,<br><br>        Plaintiff,<br><br>v.<br><br>Connecticut Department of Corrections,<br><br>        Defendant. | Civil No. 3:24-cv-000471-SRU<br><br><br><br>April 24, 2024 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 8)**

The plaintiff, Reginald Mickens, has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has

or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that he is single and unemployed at present, with no current income of any kind. (ECF No. 8, at 3.) He claims that he has not worked since February 18, 2021, when he was earning $11.34 (presumably an hourly wage) at Hall's Market. (*Id.*) He indicates he has no assets and no debts or expenses (*id.* at 3–5), and he left the question about "[o]ther information pertinent to [his] financial status" blank. (*Id.* at 5.) As a result, the Court lacks any information on how he supports himself.

Other courts have held that these sorts of affidavits must be incomplete and, by extension, do not support *in forma pauperis* status. Because no one can live on no income and no assets, these courts typically reason that an affidavit that discloses no income or assets must be leaving something out. In *Pierre*, for example, the court denied a motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," because he "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid." 2018 WL 10072449, at *1. The court added that if the plaintiff indeed had no income of his own, but was relying on another person for support, he was obliged to provide a statement of that person's resources because "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with

the necessities of life, such as from a spouse, parent, adult sibling or next friend." *Id.* (quoting *Fridman*, 195 F. Supp. 2d at 537)).

The Court therefore orders that, by May 15, 2024, the plaintiff must either (a) pay the $405.00 filing fee or (b) submit a revised financial affidavit that fully and candidly explains how he supports himself – and, if he receives support from another person, provide a statement of that person's resources and ability to pay the filing fee. The plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
